# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PAULETTE CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1018 HEA |
| | ) | |
| FINANCIAL RECOVERY SERVICES., INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Cross Motions for Summary Judgment, [Doc. No.'s 5 and 11]. For the reasons set forth below, the motions are denied.

## Facts and Background

On June 1, 2014, Plaintiff commenced this action in the Circuit Court of the City of St. Louis, Missouri. Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441 for federal question jurisdiction. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., upon which Plaintiff's claims are based, grants this court subject matter jurisdiction without regard to the amount in controversy. 15 U.S.C. § 1692k(d). Plaintiff alleges one claims for relief against Defendant: (1) Defendant, a debt collector, attempted to collect a debt from debtor Plaintiff, after its agent knew Plaintiff was represented by counsel, in

1

violation of FDCPA § 1692c(a)(2); and (2) Defendant's agent used oppressive, deceptive and unfair collection tactics in its attempt to induce Plaintiff to forego her attorney representation collect the debt, in violation of FDCPA §§ 1692d and 1692f.

Plaintiff seeks summary judgment that Defendant is liable on her claims. Defendant cross-moves for summary judgment on both of Plaintiff's claims.

## Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson *v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S.

at 256; *Littrell,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). The nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the

[nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

## **Discussion**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

4

The FDCPA requires that an entity collecting a debt make certain disclosures to the person from whom it attempts to collect a debt. These disclosures include: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.   FDCPA, 15 U.S.C. § 1692g(a).

In the event the consumer notifies the debt collector, in writing, within thirty days that the debt at issue is disputed, the debt collector is required by the FDCPA, § 1692g(b), to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment."   The FDCPA does not require that an independent investigation of the validity of a debt referred for collection be conducted.  *Jenkins v. Heintz,* 124 F.3d 824, 828 (7th

Cir.1997). Further, the FDCPA prohibits debt collectors from communicating with consumers represented by counsel without prior consent from counsel or from the consumer. FDCPA, §1692c(a)(2).

## **Undisputed Record**

The material facts are without genuine dispute. Defendant is a debt collector regulated by the FDCPA. Plaintiff is an individual consumer who incurred the credit card debt at issue. On April 14, 2015.Defendant sent Plaintiff a collection letter identifying itself as a debt collector seeking to collect the debt at issue in this case. Shortly after the letter, Plaintiff hired a lawyer, to represent her on this and other debts.

On whether or not defendant violated the Act, the undisputed material facts involve a recorded telephone conversation in which Plaintiff and Defendant's agent participated in May 2015.   Plaintiff initiated the call to Defendant.

The transcript of the recording is set out in the record:

Defendant: This call is recorded. This is Lane Taylor, how can I help you?

Plaintiff:   Hi. I was calling in regards to a letter I received.

Defendant: Okay, your name?

Plaintiff: Paulette Curtis.

Defendant: Okay, Paulette. Last four digits of your Social [redacted]?

Plaintiff: Yes.

Defendant: Okay. This is Lane Taylor at FRS. This is a communication with a debt collector attempting to collect on a debt. Any information obtained is used for that purpose. Looks like you got a letter in regards to the LVNV Funding Credit One Bank file that was placed in our pre-legal department. Balance is $1,284.96. How can I help you out today?

Plaintiff: Well, I was calling because I'm not sure I can take care of this balance. So, I wanted to let you know I've hired a lawyer to help me on this debt.

Defendant: Okay. And that attorney's name?

Plaintiff: The attorney's name?

Defendant: Yes.

Plaintiff: Scott Brinkman.

Defendant: Brinkman?

Plaintiff: Brinkman, yes ma'am.

Defendant: Okay. Alrighty, so there's no payment plan or anything you wanted to work out with us; you wanted to just go the route with an attorney?

Plaintiff: Yes.

Defendant: Okay. Do you have a phone number for this –

Plaintiff:– I do, its –

Defendant: – for Scott?

Plaintiff: 314-932-1067.

>Defendant: Okay, Scott [sic] Breckman, 314-932-1067.

>Plaintiff: Yes, but the last name is Brinkman.

>Defendant: Like B-r-e-c-k?

>Plaintiff: B-r-i n as in Nancy, k as in Kangaroo, Brinkman.

>Defendant: Okay, perfect, Brinkman. Alright, perfect. Thanks for calling to let us know, Paulette.

>Plaintiff: Thank you.

>Defendant: Bye-bye.

>Plaintiff: Bye-bye.

Plaintiff argues the agent violated 15 U.S.C. § 1692c(a)(2) by the words he spoke after he was made aware that plaintiff was represented by legal counsel. Defendant argues that it is clear that the statement was merely a confirmation of Plaintiff's statement that she was represented by an attorney and that the statement was clearly not an effort to continue collection efforts. Defendant also argues that it is entitled to the *bona fide* error defense.

The FDCPA is generally concerned with the activities of debt collectors. 15 U.S.C. § 1692; *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir.2014). The FDCPA is a strict liability statute and a consumer need not show intent, only that a violation occurred. *Campbell v. Credit Prot. Ass'n., L.P.,* No. 4:12

CV 00289 AFG, 2013 WL 1282348, at *4 (E.D.Mo.2013). By using an unsophisticated consumer standard, the FDCPA protects all consumers. *Peters v. Gen. Serv. Bureau, Inc.,* 277 F.3d 1051, 1055 (8th Cir.2002).

To establish a violation of the FDCPA a plaintiff must allege and prove: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; and (3) the defendant has violated a provision of the FDCPA. *Campbell,* 2013 WL 1282348, at *4; *Pace v. Portfolio Recovery Assocs., LLC,* 872 F.Supp.2d 861, 864 W.D. Mo.2012). Only element (3) is at issue here.

For element (3) plaintiff alleges defendant violated FDCPA § 1692c(a)(2), which provides:

> (a) Communication with the consumer generally.
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> * * *
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; ...

15 U.S.C. § 1692c(a).

In the factual circumstances of this case, the motions for summary judgment by Defendant and by Plaintiff must be denied. Plaintiff's interpretation of the

conversation is that Defendant attempted to collect the debt and failed to abide by the Act by saying nothing after Plaintiff advised it that she was represented. Defendant's interpretation of the conversation is that Defendant's agent was merely confirming that she was represented by counsel and was not an attempt to collect the debt. Clearly, there is a genuine dispute of fact as to how an unsophisticated consumer would view the language of defendant's agent after learning plaintiff retained an attorney on the debt. Therefore, the cross-motions for summary judgment are denied.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of Plaintiff for summary judgment, [Doc. No. 5] is denied.

**IT IS FURTHER ORDERED** that the cross-motion of defendant for summary judgment [Doc. No. 11) is denied.

Dated this 23rd day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE